**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                                 Case No. 02-cr-124-01-JD

Raymond Ngankou

**O R D E R**

The defendant, Raymond Ngankou, appears to request a sentence reduction based upon the amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 75). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated. The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that the defendant is not eligible to seek a reduced sentence under this amendment. On July 17, 2003, the defendant pled guilty to a five count indictment charging him the following: Counts I-III: Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1); Count IV: Conspiracy to Distribute Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1); and Count V: Possession with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. § 841(a)(1). The presentence report, which was adopted by the court during the sentencing hearing held on October 22, 2003, determined the defendant's total offense level to be 31 and his criminal history category to be I, which resulted in a guideline imprisonment

range of 108 to 135 months. Because the report determined the defendant played a leadership role, however, he was found to be ineligible for the safety valve reduction and subject to the ten (10) year mandatory minimum penalty for Count V of the indictment. The government recommended a sentence of 120 months to which defense counsel ultimately agreed. Thus, on October 22, 2003, the court adopted the agreement and sentenced the defendant to 120 months.

As a result of a subsequently filed §2255 petition, the court adopted an agreement to vacate the original sentence and the case was scheduled for resentencing. While at resentencing the defendant originally contested his leadership role and maintained that he should be eligible for the safety valve reduction, he ultimately withdrew that argument and again agreed to a sentence of 120 months, which the court imposed on August 22, 2005.

Based on this record, the defendant is not entitled to any sentence reduction based on the retroactive crack cocaine amendment. The statutory mandatory minimum penalty controls the sentencing in this case because (1) the defendant was deemed ineligible for the safety valve reduction, and (2) there was no government USSG §5K1.1 motion. In short, the defendant is not eligible for a sentence reduction because he was subject to a ten

(10) year mandatory minimum sentence.  Thus, pursuant to USSG §1B1.10(a)(2)(B), the crack cocaine amendment does not have the effect of lowering the defendant's applicable guideline range.

For the foregoing reasons, Defendant's motion to reduce sentence (document no. 75) is DENIED.

**SO ORDERED.**


Date:  February 22, 2011           */s/ Joseph A. DiClerico, Jr.*
                                           Joseph A. DiClerico, Jr.
                                           United States District Judge


cc:   Raymond Ngankou, pro se
     Robert J. Veiga, Esq.